## UNITED STATES v. 69 FIFTHS OF GRAVES IMPORTED GIN, ETC., et al.

### No. 1258.

District Court, D. Idaho, E. D.

Oct. 12, 1944.

John A. Carver, U. S. Dist. Atty., and E. H. Casterlin and R. W. Beckwith, Asst. U. S. Dist. Attys., both of Boise, Idaho, for plaintiff.

Bert H. Miller, Atty. Gen., of Idaho, for State of Idaho.

CLARK, District Judge.

This matter is before the Court on an Information of Forfeiture of the spirituous liquors named as defendants herein.

There is no dispute as to the facts which are as follows:

The liquors which are the subject matter of this action were shipped from the State of California to Pocatello, Idaho, by one Leo J. Townsend, in three trunks which were labeled on the outside as liquid soap and were not labeled on the outside cover so as to show the nature of the contents and the quantity of the liquor therein contained. The shipment was transported by Cotant Truck Lines and upon arrival of the trunks containing the liquors in Pocatello, Idaho, on the 20th day of November 1943, the employees of said Cotant Truck Lines became suspicious that the shipment was a violation of law and so advised the Sheriff of Bannock County, Idaho, in which county Pocatello is located. The Sheriff investigated and found that the trunks contained spirituous liquors and thereupon took the same into his possession and delivered said liquors to the employees in charge of the State Liquor Warehouse for storage in said Pocatello, Idaho.

No other action was taken until December 2, 1943. On that date Leland L. Fillmore, investigator Alcohol Tax Unit of the Treasury Department of the United States of America, did seize on behalf of the United States of America, all of the liquors named in this action as defendants and stored it in the Idaho State Liquor Warehouse at Pocatello, which warehouse is under the supervision of L. W. Rawson, Superintendent of the Idaho Liquor Dispensary. Nothing more was done until the 13th day of March 1944 when by leave of this Court an information was filed against Leo J. Townsend, the shipper of the liquors

in case No. 2663-E, charging him with a violation of Section 390, 18 U.S.C.A., in that "he did unlawfully ship and cause to be shipped from San Francisco in the State of California, to Pocatello in the District of Idaho, Eastern Division, three trunks containing the above named defendants, labeled as liquid soap, which said trunks were not then and there labeled on the outside cover as to plainly show the nature of their contents and the quantity of the spirituous liquor contained therein."

That thereafter on the 15th day of March 1944, the Court, on a plea of guilty, fined the said Leo J. Townsend and declared said liquors forfeited to the United States.

Information for forfeiture was filed on the 4th day of March 1944 and on April 22, 1944 order was issued to the United States Marshal of the District of Idaho, as follows:

"Title of Court and cause,—The President of the United States of America, To The Marshal Of The District of Idaho, Greetings:

"Whereas, An information for forfeiture has been filed in the District Court of the United States for the District of Idaho, Eastern Division, by the United States Attorney for the District of Idaho in behalf of the United States and against 69 Fifths of Graves Imported Gin, 20 Fifths of Arden's Blended Whiskey, 2 Fifths of Schenley's Whiskey, 2 Fifths of Park Telford Blended Whiskey, 24 Quarts of Monogram Whiskey, 2 Pints of Monogram Whiskey, 4 pints of L & G Whiskey, 2 pints of Seagram's whiskey, and 143 Fifths of Hart's Imported Rum, for the forfeiture to the United States of America of said defendants as set out in said Information for Forfeiture and praying that process of said Court be made and that all persons having or pretending to have any right, title or interest in said property may be cited to appear and answer all and singular the matters in said libel set forth, and this Court pronounce a forfeiture and condemnation of the defendants aforesaid;

"You Are Hereby Commanded to attach said 69 Fifths of Graves Imported Gin, 20 Fifths of Arden's Blended Whiskey, 2 Fifths of Schenley's whiskey, 2 Fifths of Park Telford Blended Whiskey, 24 Quarts of Monogram whiskey, 2 pints of Monogram Whiskey, 4 pints of L & G Whiskey, 2 Pints of Seagram's Whiskey and 143 Fifths of Hart's Imported Rum, now in the possession of L. W. Rawson Superintendent

of the Idaho Liquor Dispensary, and Fred M. Chase Investigator in Charge, Alcohol Tax Unit, Internal Revenue Service, Treasury Department of the United States, and detain the same in your custody until further order of this Court respecting the same, and to give written notice forthwith upon the attachment thereof to the said L. W. Rawson and Fred M. Chase that they may show cause, if any there be, why this Court should not 'pronounce judgment of forfeiture and condemnation against the aforesaid defendants;

"And of what you shall have done in the premises do you then and there make return, together with this writ.

"Witness the Honorable Chase A. Clark, Judge of the above entitled Court, and the seal of said court, this 4th day of March A. D. 1944. W. D. McReynolds, Clerk, United States District Court, By Lona Manser, Deputy, (seal)".

Notice of seizure was given as follows:

"Title of Court and cause,—To L. W. Rawson, Superintendent of the Idaho Liquor Dispensary, State of Idaho, Boise, Idaho, and Fred M. Chase, Investigator in Charge, Alcohol Tax Unit, Internal Revenue Service, Treasury Department of the United States, Boise, Idaho:

"You will Please take notice that on the 11th day of April 1944, pursuant to an order of seizure issued out of the above entitled Court, I have attached and seized the following described property, to-wit: 69 Fifths of Graves Imported Gin, 20 Fifths of Arden's Blended Whiskey, 2 Fifths of Schenley's whiskey, 2 Fifths of Park Telford Blended Whiskey, 24 Quarts of Monogram Whiskey, 2 pints of Monogram Whiskey, 4 pints of L & G Whiskey, 2 pints of Seagram's whiskey, and 143 Fifths of Hart's Imported rum, which were held in your custody in said district and division at Pocatello, Idaho, and that the same is hereby detained in my custody until further order of this Court. You and each of you are hereby notified to appear and show cause if any there be, why the above entitled court should not pronounce judgment of forfeiture and condemnation against the herein described property within twenty days from service upon you of this writ. Ed M. Bryan, United States Marshal for the District of Idaho. By Dave Nichols, Deputy U S Marshal."

The return made by the United States Marshal is as follows:

"I hereby certify that I received the within Order of Seizure at Boise, Idaho, on the 11th day of April 1944, and personally executed the same on the 11th day of April 1944, by delivering to and leaving with L. W. Rawson Superintendent of the Idaho Liquor Dispensary, and Fred M. Chase Investigator in charge, Alcohol Tax Unit, Internal Revenue Service, Treasury Department of the United States, at Boise, each a true copy of the hereto attached Order of Seizure together with notice of seizure and information for forfeiture attached thereto at Boise, Idaho, and on the 14th day of April 1944 at Pocatello, Idaho, I seized and took into my possession the following described property to-wit: 69 Fifths Graves Imported Gin, 20 Fifths Arden's Blend Whiskey, 2 fifths Schenley whiskey, 2 fifths Park Telford Blend whiskey, 24 quarts Monogram whiskey, 2 pints Monogram whiskey, 3 pints L & G Whiskey, 2 pints Seagram whiskey, 143 fifths Hart's imported rum, and stored same in the State Warehouse at 250 East Halliday street, Pocatello, Idaho. Dated this 14th day of April 1944, Ed M. Bryan, United States Marshal, by Dave Nichols, Deputy."

On May 15, 1944 L. W. Rawson, Superintendent of the Idaho Liquor Dispensary, and the State of Idaho answered the notice of seizure, order of seizure and information for forfeiture alleging the facts as herein set forth and claiming by reason of the facts that this Court is without jurisdiction. There is no dispute as to the facts.

There is no contention that L. W. Rawson, Superintendent of the Idaho Liquor Dispensary or the State of Idaho have ever commenced any proceeding in any state Court in which this liquor is involved in any way; nor that the Sheriff took possession of the liquors under any process issued by any Court, nor that the Sheriff ever delivered possession of the liquor to the State Warehouse except for storage and safe-keeping, nor that Leland L. Fillmore, investigator, Alcohol Tax Unit of the Treasury Department of the United States, ever delivered possession of the liquor to said State Warehouse except for storage and safe-keeping.

There are a great many questions discussed in the briefs as to the interpretation of the liquor control Act of the State of Idaho which are not helpful in deciding the question before the Court. The issue here is whether this Court has jurisdiction to

declare the defendant liquor forfeited to the United States.

Section 390, 18 U.S.C.A., provides: " * * * Whoever shall knowingly ship or cause to be shipped from one State, Territory, or District of the United States, or place noncontiguous to but subject to the jurisdiction thereof, into any other State, Territory, or District of the United States, or place noncontiguous to but subject to the jurisdiction thereof, * * * any package of or package containing any spirituous, vinous, malted, or other fermented liquor, or any compound containing any spirituous, vinous, malted, or other fermented liquor fit for use for beverage purposes, unless such package be so labeled on the outside cover as to plainly show the name of the consignee, the nature of its contents, and the quantity contained therein, shall be fined not more than $1,000 or imprisoned not more than one year, or both; and such liquor shall be forfeited to the United States, and may be seized and condemned by like proceedings as those provided by law for the seizure and forfeiture of property imported into the United States contrary to law."

Information was filed against Leo J. Townsend charging violation of that statute. He pleaded guilty and in addition to the fine imposed the Court declared the liquor forfeited to the United States. The statute is mandatory that in addition to the penalty assessed by the Court, that such liquor shall be forfeited to the United States.

Section 41, 28 U.S.C.A., provides: "Original jurisdiction. The district courts shall have original jurisdiction as follows: * * * (9) Penalties and forfeitures. * * * Of all suits and proceedings for the enforcement of penalties and forfeitures incurred under any law of the United States."

There can be no question but what all fermented, distilled or other intoxicating liquors transported into any State or Territory or remaining therein for use, consumption, sale or storage therein could be subject to the operation and effect of the laws of such state, 27 U.S.C.A. § 121. However, in the instant case the State has not acted; the Sheriff of Bannock County took possession of this liquor. The only place the State has entered this matter was by furnishing its liquor warehouse as a place for the Sheriff to store the liquor. No other move was made by any one to prosecute Townsend or to declare the liquor forfeited.

The Statutes above recited, Sec. 390, 18 U.S.C.A., Sec. 41, 28 U.S.C.A., are plain; this Court has jurisdiction of the subject matter, it is the only tribunal whose jurisdiction has attached; there is no conflict with any action taken by L. W. Rawson, superintendent of the Idaho Liquor Dispensary or the State of Idaho.

It is therefore not necessary for this Court to consider what rights could have accrued to the State of Idaho if action had been taken by it. The liquors were shipped in violation of the provisions of Section 390, 18 U.S.C.A.; the Court has jurisdiction and the plaintiff herein is entitled to have said liquors declared forfeited to the United States of America, and the plaintiff may draw the proper order requiring the United States Marshal for the District of Idaho to deliver the said liquors to the Secretary of the Treasury or his authorized agent pursuant to Section 2805, 26 U.S.C.A. Int.Rev.Code. Copy of the said order will be served on the Attorney General of the State of Idaho, and the original will be delivered to the Court for its approval.